**Opinion filed October 27, 2022**



## In The

# Eleventh Court of Appeals

_____

## No. 11-22-00163-CV

_____

# IN THE INTEREST OF A.R. AND L.F.R. JR., CHILDREN

---

### On Appeal from the 35th District Court
### Brown County, Texas
### Trial Court Cause No. CV 2004167

---

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the parents of A.R. and L.F.R. Jr.  The father filed this appeal.[1]  On appeal, he presents one issue in which he challenges the trial court's finding that the termination of his parental rights was in the children's best interest.  We affirm the order of the trial court.

---

[1]We note that the children's mother voluntarily relinquished her parental rights and did not file an appeal.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West 2022). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.* In this case, the Department of Family and Protective Services moved for termination on only one of the grounds that it had alleged in its petition. Thereafter, the trial court found that the evidence supported that ground: Section 161.001(b)(1)(O). Appellant does not challenge this finding on appeal.

The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the children. *See id.* § 161.001(b)(2). In his sole issue on appeal, Appellant challenges the legal and factual sufficiency of the evidence to support the trial court's best interest finding.

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trial court is the sole arbiter of the credibility and demeanor of witnesses. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (citing *In re J.L.*, 163 S.W.3d 79, 86–87 (Tex. 2005)).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis.

*Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

*Evidence and Analysis*

The record shows that Appellant was incarcerated when the Department became involved with his children.[2] Although Appellant had been sentenced to a term of imprisonment that extended into 2024, he was released in November 2021—approximately eighteen months after the children were removed but while this case was still pending in the court below. Upon Appellant's release, the permanency case manager for 2INgage had a lengthy conversation with Appellant about the children and the requirements of Appellant's family service plan. Appellant initially engaged in the services required by the family service plan and seemed to be doing well, but in March 2022, Appellant's demeanor and level of cooperation changed

---

[2]We note that the Department failed to present any testimony or other evidence regarding the specific allegations of abuse and neglect or the reasons for the intake in this case. We also note that we are not permitted to consider the contents of the clerk's record, such as the original petition and the affidavit in support of removal, as evidence. *See In re F.M.E.A.F.*, 572 S.W.3d 716, 723 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (stating that no factual statements or allegations that are contained in the clerk's record, but were not admitted during the final hearing, may be considered as evidence by an appellate court when reviewing the sufficiency of the evidence).

"drastically." He disengaged and became uncooperative. On two occasions in March, he refused to submit to a drug test as requested. Then, in April, he submitted to a hair follicle test, but the results of that test were not favorable to Appellant. He tested positive for methamphetamine.

During the two weeks leading up to the final hearing on termination, Appellant cursed at the permanency case manager, called him "nigga," and hung up on him at least four times. Appellant was confrontational and aggressive when the permanency case manager attempted to talk to him. Appellant had also moved and had not provided his new address to the Department.

The uncontroverted evidence showed that Appellant failed to comply with the provisions of his court-ordered family service plan. The family service plan included provisions that required Appellant to complete parenting classes, attend counseling, submit to random drug testing, and obtain stable housing and employment. Appellant did not comply with or successfully complete the above requirements. Additionally, Appellant failed to abstain from the use of methamphetamine and criminal activity and failed to attend several of his scheduled visits with the children.

At the time of trial, A.R. was three years old, and L.F.R. Jr. was two years old. Neither of the children were bonded with Appellant or recognized him as their father; Appellant "basically had no contact at all" with L.F.R. Jr. until after Appellant was released from prison. The Department had been the children's temporary managing conservator for over two years. During this two-year period, a monitored return to the children's mother had been attempted, but she "unfortunately had messed up [the] monitored return." The Department's plan for the children was for them to remain in the care of and be adopted by their current placement: the children's maternal step-grandmother. The children's mother testified that she believed it would be in the children's best interest for them to remain with her stepmother.

4

The children's attorney ad litem recommended that Appellant's parental rights be terminated. The permanency case manager made the same recommendation. He testified that the termination of Appellant's parental rights would be in the best interest of the children. The permanency case manager explained that Appellant had not interacted much with the children and was not willing or able to provide the children with a safe, stable home. In contrast, the step-grandmother that wished to adopt the children had been present throughout the children's lives and would provide permanency for them.

The trial court, as the trier of fact, is the sole judge of the witnesses' credibility. *A.B.*, 437 S.W.3d at 503. We are not at liberty to disturb the determinations of the trier of fact as long as those determinations are not unreasonable. *J.P.B.*, 180 S.W.3d at 573. Giving due deference to the trial court, we hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in the best interest of A.R. and L.F.R. Jr. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the desires of the children (who were too young to express any desire), the emotional and physical needs of the children now and in the future, the emotional and physical danger to the children now and in the future, the parental abilities of those involved, the plans for the children by the Department, Appellant's conduct and drug use, Appellant's inability to provide a safe and stable home for the children, and the instability of Appellant's situation, we hold that the evidence is legally and factually sufficient to support the finding that termination of Appellant's parental rights is in the best interest of both A.R. and L.F.R. Jr. *See id.* We defer to the trial court's finding as to the children's best interest, *see C.H.*, 89 S.W.3d at 27, and we cannot hold in this case that the trial court's finding as to best interest is not supported by clear and convincing evidence. Accordingly, we overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the order of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

October 27, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.